# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 4340 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Michael Williams's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment, [Doc. No. 6], is granted and the Commissioner's memorandum, which this Court will construe as a cross-motion for summary judgment, [Doc. No. 14], is denied.

## BACKGROUND

### I. Procedural History

Plaintiff filed his applications for SSI and DIB on March 21, 2014, alleging disability due to left upper extremity weakness, cerebrovascular accident,

degenerative joint disease of the cervical spine, hepatitis C, hypertension, low vision, and memory loss. (R. 167–73, 174–78, 210.) His applications were denied initially and again upon reconsideration. (R. 81, 99, 100–04.) Plaintiff presented for a hearing before an Administrative Law Judge ("ALJ") on October 6, 2016, represented by a non-attorney. (R. 36–70.) A vocational expert ("VE") was present and offered testimony. (*Id.*) On November 21, 2016, the ALJ issued a partially favorable decision, finding Plaintiff became disabled on March 25, 2015[1]. (R. 19–31.) The Appeals Council denied review on April 7, 2017, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–7.)

## II. ALJ Decision

On November 21, 2016, the ALJ issued a partially favorable written determination finding Plaintiff was disabled on March 25, 2015. (R. 19–31.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 2, 2013, his amended onset date[2]. (R. 21.) At step two, the ALJ found that since his onset date Plaintiff suffered from severe impairments of hemiparesis as a late effect of cerebrovascular accident (CVA), and hypertension. (R. 21.) Beginning on March 25, 2015, Plaintiff's established onset date, however, the ALJ found Plaintiff suffered from severe impairments of CVA, hypertension, osteoarthritis, degenerative joint disease of the knees and lower back, and chronic

---

[1] Plaintiff's established onset date.
[2] In his applications, Plaintiff alleged his disability began on February 1, 2012. At the hearing, Plaintiff amended his onset date to March 2, 2013. (R. 193.)

2

liver disease. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (R. 24.)

Before step four, the ALJ found that prior to Plaintiff's established onset date[3], he had the residual functional capacity ("RFC") to perform work at a medium exertional level, subject to several limitations.[4] (R. 25.) At step four, the ALJ concluded that prior to Plaintiff's established onset date, he was capable of performing his past relevant work as a security guard or an assembler. (R. 29.) Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. (R. 30.)

## DISCUSSION

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently

---

[3] The ALJ found that after Plaintiff's established onset date, he had the RFC to perform at the sedentary exertional level. (*Id.*) Consequently, pursuant to the grid rules, the ALJ concluded that Plaintiff was disabled. (R. 30.)
[4] The ALJ limited Plaintiff to frequently climbing ramps and stairs, occasionally climbing ladders, ropes, or scaffolds, occasional stooping and crawling. (R. 25.)

3

unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its

4

judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V. **ANALYSIS**

Plaintiff argues remand is appropriate because the ALJ: (1) improperly weighed the medical opinion evidence; and (2) erroneously discounted Plaintiff's testimony. For the reasons the follow, the Court finds that remand is appropriate.

**A. Opinion Evidence**

First, Plaintiff argues that the ALJ impermissible discounted the opinion of his treating physician, Dr. Keerthi Ranganath, M.D., in favor of evidence from the non-examining, state agency consultants.

Plaintiff established care with Dr. Ranganath in 2006, and presented to her at least two times per year for pain management. (R. 748–49, 1064.) In March 2015, Dr. Raganath completed a Disability Impairment Questionnaire wherein she opined that, based on Plaintiff's pain, Plaintiff could sit for up to one hour, and stand and/or walk for two hours, in an eight-hour work day. (R. 750.) In the same questionnaire, Dr. Ranganath explained that Plaintiff's symptoms would likely increase in a competitive work environment, and that his pain and fatigue would be severe enough to frequently (1/3 to 2/3 of an eight-hour workday) interfere with his attention and concentration. (*Id.*) Further, she opined that Plaintiff would be absent from work more than three times per month due his impairments. (R. 752.) Finally, she opined that Plaintiff's symptoms and related limitation would apply as far back as February 1, 2012. (*Id.*)

In 2016, Dr. Ranganath completed another form, where similarly, she found that Plaintiff could sit, stand and/or walk for less than one hour in an eight-hour work day. (R. 1064–68.) Additionally, she opined that Plaintiff would need to take unscheduled breaks four to six times per day, and be absent from work more than three times per month due to his impairments. (R. 1067–68.) She cited to two MRIs, from the year 2016 which revealed moderate degenerative disc disease, to support her findings. (R. 1064.) Once again, she opined that Plaintiff's symptoms and related limitations would apply as far back as February 1, 2012. (R. 1068.) The ALJ assigned "partial weight" the Dr. Raganath's opinions. (R. 28.)

An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739.

In this case, the ALJ split his analysis into two periods, one concerning the time period prior to March 25, 2015, Plaintiff's established onset date, and the period after March 25, 2015. (R. 25–29.) In his decision, the ALJ only discussed the impact Dr. Ranganath's findings would have on the period *after* March 25, 2015, but did not explain how they informed his determination for the period prior to March 25, 2015. Plaintiff claims this was in error.

For the period prior to March 25, 2015, the ALJ instead chose to rely on the findings of the non-examining state agency medical consultants who concluded, among other things, that Plaintiff could sit for six hours in an eight-hour work day and that his ability to maintain attention and concentration would only be "moderately limited." (R. 92, 94.) In other words, they opined that Plaintiff was not disabled. (R. 97.) Importantly, the state medical consultants issued their findings on August 4, 2014 (at the initial level) and May 19, 2015 (at the reconsideration level), when the record only contained treatment notes through January 2015. (R. 88.) This was almost two years prior to the ALJ's decision, and before Dr. Raganath submitted either of her reports.

It is Plaintiff's argument that the ALJ's decision to accept the findings of the state agency consultants, who reviewed an incomplete record, over the findings of his treating physician constitutes error. The Court agrees. *See Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (criticizing ALJ for relying on state doctors who did not have the opportunity to review an MRI report); *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (noting that the "ALJ erred by continuing to rely on an outdated assessment by a non-examining physician"); *Samuel v. Berryhill*, No. 17 C 4596, 2018 WL 1706370, at *10 (N.D. Ill. Apr. 9, 2018) (explaining that "the ALJ erred in giving great weight to the non-examining state agency consultants' opinions because they were based on an incomplete review of the medical record"). The state agency consultants did not have the opportunity to review either of Dr. Ranganath's reports, in which she opined Plaintiff would have much greater

8

limitations which applied back as far as February 2012. This is highly relevant as Plaintiff's alleged onset date was March 2, 2013. While the Court cannot say this evidence would have changed the outcome of the state agency consultants' opinions, or the ALJ's ultimate disability determination, the Court must be assured that the ALJ at least considered the impact that Dr. Ranganath's opinion would have on his disability determination for the period prior to March 25, 2015. Yet, the ALJ's decision makes no reference to Dr. Ranganath's opinions during his evaluation of Plaintiff's function ability prior to his established onset date. Accordingly, the Court must remand so that we can be assured that the ALJ supports his decision with substantial evidence.

Moreover, an ALJ "has a duty to adequately explain a decision to give greater weight to the opinions of state agency reviewers than to the opinion of a treating physician." *Williams v. Berryhill*, No. 16 C 1958, 2017 WL 3263710, at *4 (N.D. Ill. Aug. 1, 2017). The contradictory opinions of non-examining sources, who reviewed a limited record, are not an adequate reason to reject the opinion of a treating source. *See Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) ("[a]n ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice"); *Jelinek v. Astrue*, 662 F.3d 805, 812 (7th Cir. 2011) (noting that an ALJ "would be hard-pressed to justify casting aside [a treater's] opinion in favor of [sic] earlier state-agency opinions"). Here, the ALJ has provided no such explanation.

Consequently, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

Plaintiff additionally argues that the ALJ failed to analyze Dr. Ranganath's opinion under the appropriate factors listed in 20 C.F.R. § 404.1527(c). Even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See Id.*

To the extent the ALJ considered Dr. Ranganath's opinion, he did so for the period after March 25, 2015. In his decision, the ALJ failed to discuss Plaintiff's long-term treating relationship with Dr. Ranganath, the nature of their treating relationship, or the consistency of Dr. Ranganath's findings, as required by the regulations. Accordingly, remand is appropriate. *See Campbell,* 627 F.3d at 306–09 (remanding where the ALJ did not give "good reasons" for discounting a treating physician's assessment and did not "explicitly address the checklist of factors" from § 404.1527 to determine the weight to give to the assessment).

Because the ALJ erred when evaluating the medical opinion evidence, the Court need not reach the remainder of Plaintiff's arguments. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the

evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 6] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is denied. This matter is remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

*[Signature: Maria Valdez]*

**DATE:**    August 24, 2018

                                **HON. MARIA VALDEZ**
                                **United States Magistrate Judge**